IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-16-0259 |
| JOSE JOYA PARADA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Jose Joya Parada has been charged with conspiring to participate in a racketeering enterprise, racketeering, and committing several violent crimes in aid of racketeering. (*See United States v. J.J.P.*, Civ. No. JKB-19-0132 at ECF No. 1.) On May 3, 2019, the government moved to transfer Parada to the United States District Court for the District of Maryland for prosecution as an adult. (*Id.* at ECF No. 22.) This Court granted the government's motion on January 17, 2020, largely because of the exceptionally violent premeditated murders in which Parada allegedly participated. (*Id.* at ECF No. 42 at 4–5.) Parada moved for reconsideration of the Court's grant of the government's motion to transfer (*id.* at ECF No. 48), and the Court denied this motion on April 23, 2020 (*id.* at ECF Nos. 54, 55.) Parada has appealed this Court's denial of his motion for reconsideration. (*See id.* at ECF No. 56.) Now pending before this Court is Parada's motion for a stay of this Court's criminal proceedings against him—including a multi-defendant trial that is set to begin in October 2021—pending the Fourth Circuit's ruling on Parada's appeal. (Mot. Stay, ECF No. 1033.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Parada's motion for a stay will be DENIED.

1

## I.   *Legal Standard*

Determining whether to transfer a juvenile defendant to an adult court pursuant to the Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. §§ 5031–5042, is a civil proceeding that is separate from that defendant's criminal prosecution. *United States v. A.W.J.*, 639 F. Supp. 1558, 1559 (D. Minn. 1986). In ruling on a motion to stay a court order pending an appeal in a civil case, a court must balance four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and [the] injury that granting the injunction will inflict on other [ ] litigant[s]; (3) the probability that the movant will succeed on the merits; and (4) the public interest." *Id.*

## II.   *Analysis*

Although a stay pending appeal is typically based on balancing these four factors, in this case none of the factors cuts in favor of Parada's position. Accordingly, this Court will deny Parada's motion for a stay pending appeal.

In terms of the substance of Parada's motion, few precedents discuss the precise issues raised in this case—namely, a motion to stay criminal proceedings pending a federal appellate court's review of a district court's issuance of an order transferring a juvenile defendant to an adult criminal court. In their briefing, both parties rely heavily on *United States v. A.W.J.*, in which the District of Minnesota addresses this precise issue, and ultimately decides to deny the juvenile defendant's motion for a stay pending appeal. 639 F. Supp. at 1560.

### A. *Threat of Irreparable Harm*

Parada argues that he would face irreparable harm if he is improperly tried as an adult, because a juvenile prosecution would be confidential and would result in his incarceration in a juvenile detention center, as opposed to an adult prison facility. (Mot. Stay at 4.) In response,

the government points out that Parada's criminal indictment is already public, and Parada has already been prosecuted as an adult and incarcerated in an adult facility. (Opp'n Mot. Stay at 3, ECF No. 1035.) Further, at his current age of nineteen, Parada is already an adult. (*Id.*)

The Court finds the government's arguments persuasive. It is difficult to perceive how denying Parada a stay could result in further irreparable harm, given that Parada has already experienced both of the harms that he argues are irreparable. Regardless, in *A.W.J.*, the District of Minnesota determined that denying a stay pending an appeal over a motion to transfer would not irreparably harm a juvenile defendant, in part because a juvenile defendant's right to confidentiality and right to avoid prosecution as an adult are "not protected rights of a constitutional magnitude." 639 F. Supp. at 1559. This Court agrees with that analysis.

Because it is unlikely that Parada would face irreparable harm upon a denial of his motion for a stay, this factor does not point in favor of granting his motion.

### B. *Balance of Harms*

Parada asserts, based on the same arguments he makes regarding irreparable injury, that being tried and imprisoned as an adult "would be catastrophic for Parada[.]" (Mot. Stay at 6.) The government, for its part, argues that it has an interest in holding a prompt trial. (Opp'n Mot. Stay at 4.) The government adds that trying Parada and his co-defendants in separate trials would "unnecessarily use up government and court resources, [and] it would require numerous witnesses and victims to testify multiple times about the same conduct and to appear at multiple proceedings." (*Id.*)

While Parada does not appear to face irreparable harm if he proceeds to trial, the Court recognizes that Parada certainly has an interest in avoiding an adult trial and incarceration in an adult prison if the Fourth Circuit rules in his favor on appeal. On the other hand, as the court in

3

*A.W.J.* aptly noted, the government clearly has an interest "in a prompt trial while memories of the events in question are still relatively fresh." 639 F. Supp. at 1559. This interest has already been undercut by the multiple delays in Parada's prosecution as a result of the COVID-19 pandemic.

Regardless, given that the parties finished their briefing in Parada's appeal in February 2021, it is very likely that the Fourth Circuit will rule on Parada's appeal before Parada's trial is slated to begin in October 2021. Accordingly, if the Fourth Circuit makes the unlikely move of reversing this Court's decision, Parada would probably still have time to avoid all of the harms associated with being tried and incarcerated as an adult. However, if this Court grants Parada's motion for a stay and the Fourth Circuit follows the likely path of affirming this Court's decision before the trial begins, both parties' interests could be harmed. In that event, both the government's and Parada's trial preparation would likely be set back, leaving both parties less prepared for the October 2021 trial.

On balance, a consideration of the potential harms tilts slightly in favor of denying Parada's motion for a stay.

### C. *Likelihood of Success on the Merits*

Because Parada's appeal faces several hurdles, this factor most clearly cuts in favor of denying Parada's motion for a stay pending appeal. Parada has appealed this Court's denial of his motion for reconsideration of the Court's decision to permit Parada to be prosecuted as an adult. (*See United States v. J.J.P.*, Civ. No. JKB-19-0132 at ECF No. 56.) This Court's denial of Parada's motion for reconsideration was premised on (1) Parada's late filing of its motion for reconsideration and, in the alternative, (2) the merits of Parada's motion for reconsideration. (*See* ECF No. 54 at 3.)

4

For Parada to succeed on appeal, the Fourth Circuit would first have to determine that his motion to reconsider was timely, despite the fact that it was submitted two months after the Court issued its order to transfer Parada. Even if the Fourth Circuit rules that Parada's motion to reconsider was timely, the Fourth Circuit is still unlikely to hold that this Court's transfer of Parada was improper. In their briefing before the Fourth Circuit, the parties dispute whether the Fourth Circuit can even reach the merits of the district court's initial decision to grant the government's motion to transfer, when considering an appeal on a motion for reconsideration. *See* Appellee's Brief at 19, *United States v. J.J.P.*, Case No. 20-4277.

If the Fourth Circuit does decide to consider the merits of this Court's decision to transfer Parada, it would use a deferential standard of review. An appellate court will uphold "a district court's decision to transfer a juvenile to adult prosecution" unless it finds an "abuse of discretion[.]" *United States v. Juvenile Male*, 554 F.3d 456, 456 (4th Cir. 2009).

Finally, the Fourth Circuit is unlikely to reverse this Court's decision on the merits, because it was firmly grounded in Fourth Circuit precedent. *See United States v. Robinson*, 404 F.3d 850, 859 (4th Cir. 2005) (confirming that "the nature and severity of the crimes is the most important factor" in a court's analysis of the various factors affecting whether to transfer a juvenile to an adult prosecution). On appeal, Parada argues that the Fourth Circuit should deviate from its customary analysis and hold that assigning significant weight to the seriousness of a juvenile defendant's crime, in balancing the various factors related to the transfer decision, is unconstitutional under the Due Process Clause. *See* Appellant's Brief at 28–38, *United States v. J.J.P.*, Case No. 20-4277. While succeeding on this novel substantive argument is not impossible, this Court sees no reason to conclude that such success is likely.

Because Parada faces multiple barriers in the appeal process, his likelihood of success on

5

the merits is slim.

### D. Public Interest

Finally, Parada argues that "it is not a sound use of judicial resources to proceed with adult prosecution when the juvenile's status is still in question," and contends that improperly trying a juvenile defendant contravenes the public interest. (Mot. Stay at 7.) In response, the government asserts that "there is a public interest in resolving this case in a prompt manner." (Opp'n Mot. Stay at 11.)

The government notes that in *A.W.J.*, the District of Minnesota emphasized that "the public interest in the prompt administration of criminal laws is substantial," and chose not to "interfere with the United States Attorney's discretionary powers over criminal prosecutions." 639 F. Supp. at 1559. Parada does not cite any cases stating that the public interest in not trying a juvenile offender as an adult outweighs the public interest in prompt trials. The Court finds *A.W.J.*'s reasoning persuasive. As for Parada's argument about conserving judicial resources, the Court agrees that a stay might promote judicial economy if its decision were likely to be overturned on appeal, but given that Parada's likelihood of succeeding on his appeal are slim, that rationale is unpersuasive here. Thus, the public interest factor tilts in favor of the government.

### III. Conclusion

For the foregoing reasons, the Court hereby DENIES Defendant Parada's motion for a stay pending appeal (ECF No. 1033).

DATED this 25 day of March, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge