IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. JKB-16-0259 |
| MILTON PORTILLO-RODRIGUEZ, JUAN CARLOS SANDOVAL-RODRIGUEZ, OSCAR ARMANDO SORTO ROMERO, JOSE JOYA PARADA | * * * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

At the last Pretrial Conference, this Court set a deadline of October 13, 2021, for the filing of any additional motions *in limine* by Defendant Portillo-Rodriguez. (ECF No. 1185.) On October 15, 2021, Portillo-Rodriguez filed a Motion *in limine* to Supplement Voir Dire requesting (1) the addition of a video and various jury instructions related to unconscious bias and (2) modifications to the number and use of peremptory challenges. (ECF No. 1199.) A memorandum in support was filed on October 16, 2021 (ECF No. 1200). Though they have not opposed the untimely filing of this Motion, the Government has substantively opposed the Motion in its entirety. (ECF No. 1201.)

Defendant's Motion will be denied in its entirety. As an initial matter, Defendant does not provide the Court with any authorities that warrant reconsideration of its prior decision with respect to peremptory challenges. Further, with regard to supplementing *voir dire* to discuss unconscious bias, "the Supreme Court [has] made clear that 'there is no *per se* constitutional rule

... requiring inquiry as to racial prejudice during *voir dire*." *United States v. Diaz*, 854 F. App'x 386, 388 (2d Cir. 2021). While "the wiser course generally is to propound appropriate questions designed to identify racial prejudice if requested by the defendant[,]" *Ristaino v. Ross*, 424 U.S. 589, 597 n. 9 (1976), the Court has already done so in its proposed *voir dire*. For example, Question 22 asks whether a prospective juror "hold[s] any belief related to race, color, religion, national origin, or other personal attributes that would make it difficult [ ] to render a fair and impartial verdict." (ECF No. 1187-2 at 10.) Other questions also specifically target non-racial biases which may be pertinent to this case, such as asking whether prospective jurors have heard of MS-13, have been the victims of crimes, or hold strong views about law enforcement. (*Id.* at 7–9, 14.) Overall, the Court is confident that these questions, and any necessary follow-up inquiries, will be sufficient to identify any disqualifying biases held by the prospective jurors.

That said, the Court is cognizant that other district courts have adopted the Western District of Washington's video[1] on unconscious bias as a jury selection tool. *See United States v. Ramadan*, Crim. No. VAR-17-20595, 2021 WL 2895668, at *3 (E.D. Mich. July 9, 2021) (adopting video at request of both parties and collecting cases following same practice). Accordingly, this Court will refer this video to the District's Jury Committee for further discussion of whether it should be adopted as a standard practice in *voir dire*. The Court will not, at this time, adopt the use of this video in this particular case over the Government's objection. For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion *in limine* to Supplement Voir Dire (ECF No. 1199) is DENIED; and

---

[1] https://www.wawd.uscourts.gov/jury/unconscious-bias

2. The Western District of Washington's Unconscious Bias Juror Video is REFERRED to the Jury Committee of this District for further consideration as noted in this Order.

DATED this __18__ day of October, 2021.

BY THE COURT:

_James K. Bredar_
James K. Bredar
Chief Judge